**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG-CHARLOTTESVILLE DIVISION**

**In re:**

**TROY DANA PERRY**
**DEBORAH ANNE PERRY,**

**CHAPTER 13**

    **Debtors.**

**CASE NO. 10-63460-WA3-13**

**BANK OF AMERICA, N.A.,**

    **Plaintiff/Movant.**

**vs.**

**TROY DANA PERRY**
**AKA TROY PERRY**
**DEBORAH ANNE PERRY**
**AKA DEBORAH PERRY**
**HERBERT L. BESKIN, TRUSTEE,**

    **Defendants.**

**ORDER GRANTING**
**MODIFICATION OF STAY**

The Motion of the Plaintiff, Bank of America, N.A., to amend the automatic stay having been served on the Trustee and the Debtors and upon agreement by Counsel for Plaintiff and Counsel for the Debtors;

It appears that the Debtors are in possession of certain real property hereinafter described upon which Plaintiff holds a valid Deed of Trust; that the Debtors have agreed to cure the delinquency and maintain the account in a current status and that the Plaintiff shall be entitled to automatic relief from the stay subject to the provisions of this Order in the event of a future default in payments on the property located at 17 North Bearwood Drive, Palmyra, VA 22963, and described as follows:

> **All that lot or parcel of land situated in Fluvanna County, Virginia, with improvements thereon and appurtenances thereunto belonging, shown as Lot 420, Phase Twelve - Edgewood, Lake Monticello, on a plat by B. Aubrey Huffman & Associates, dated November, 1973, and recorded in the Clerk's Office of the Circuit Court of Fluvanna County, Virginia, in Deed Book 104 at Pages 113 through 117.**
>
> **Being the same property conveyed to Troy D. Perry and Deborah A. Perry, husband and wife, as tenants by the entirety with the right of survivorship as at common law by Deed from Brian E. Horne and Anne**

Eric David White, Esquire
Counsel for Plaintiff
Samuel I. White, P.C.
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
State Bar # 21346
Tel: (804) 290-4290
Fax: (804) 290-4298

File No. 97-028914-10

> **Meador Cluff Horne, husband and wife, dated August 8, 2000, recorded August 8, 2000 in Deed Book 398, at Page 169 in the Clerk's Office of the Circuit Court of Fluvanna County, Virginia. FURTHER BEING the same property conveyed to Troy D. Perry and Deborah A. Perry, husband and wife, as tenants by the entirety with the right of survivorship as at common law by Deed of Gift from Troy D. Perry dated July 28, 2004, recorded September 15, 2004 in Deed Book 598, at Page 868 in the Clerk's Office of the Circuit Court of Fluvanna County, Virginia. FURTHER BEING the same property conveyed to Troy D. Perry, a married man as his sole and separate property by Deed of Gift from Troy D. Perry and Deborah A. Perry, husband and wife dated July 28, 2004, recorded October 1, 2004 in Deed Book 601, at Page 574 in the Clerk's Office of the Circuit Court of Fluvanna County, Virginia.**

Upon consideration whereof, it is **ORDERED** that relief from the automatic stay be denied, subject to the following conditions:

(a) Debtors shall resume making monthly post-petition payments in the amount of $1,205.29 as they become due commencing September 1, 2012, pending further notice from the mortgage company, each payment to be timely made, including any late charges, if applicable.

(b) The Debtors shall cure any arrearage currently due for the months of February, 2012 through August, 2012, in the total amount of $664.98. The breakdown of these arrearages is as follows:

| | |
|---|---|
| **1 monthly payments (2/1/2012) @ $1,196.60/month** | **$1,196.60** |
| **6 monthly payments (03/01/12-08/01/12) @ $1,205.29/month** | **$7,231.74** |
| **Attorney Fees and Costs - Motion For Relief** | **676.00** |
| **Credit for Payment received 6/8/12** | **<1,196.60>** |
| **Credit for Payment received 6/25/12** | **<1,205.29>** |
| **Credit for Payment received 6/25/12** | **<3,736.47>** |
| **Credit for Payment received 8/7/12** | **<1,225.00>** |
| **Less Debtor Suspense** | **<1,076.00>** |
| **Total** | **$664.98** |

(c) The Debtors shall cure the arrears by making payment in the following manner:

1. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds

2. Payment in the amount of $110.83 on or before October 15, 2012.

3. Payment in the amount of $110.83 on or before November 15, 2012.

4. Payment in the amount of $110.83 on or before December 15, 2012.

5. Payment in the amount of $110.83 on or before January 15, 2013.

6. Payment in the amount of $110.83 on or before February 15, 2013.

7. Payment in the amount of $110.83 on or before March 15, 2013.

8. All agreed order payments (listed above) and future payments should

      be forwarded to the following address until further notice:

        Bank of America, N.A.
        7105 Corporate Drive
        TX2-982-03-03
        Plano, Texas 75024

  (d)  In the event of a default in the terms of this Order, Debtors shall be responsible for $50.00 in attorney's fees for a Notice of Default.

  In the event that the Debtors fail to (a) comply with the terms of this order, or (b) timely deliver, or cause to be delivered, any subsequent payment on or before the date required by the contract or the plan, then in such event Movant may give written notice to the Court, Counsel for Debtors, Debtors, and Trustee of the failure to receive such payment with said written notices to be limited to three (3) separate occasions. Should a fourth (4th) default occur, no further written notice will be required and Relief from the Stay shall be automatic, subject to the provisions of this Order.

  1.  If the Debtors fail to object in writing within fifteen (15) days of the date such notice is sent and to request a hearing thereon, or should a fourth (4th) default occur, then in such event Movant is relieved from the automatic stay provisions of 11 U.S.C. §362, such stay is rescinded without further order, notice or opportunity for hearing, and Movant is entitled to avail itself of its contractual remedies. In such event (a) 30 days after the Debtor's response period has ended the Trustee will cease making any payments on the Movant's secured claim which were required by the plan, and (b) within 180 days after the Debtor's response period has ended the Movant must file an amended unsecured claim for a deficiency, accompanied by an accounting/breakdown for which the claim is filed, or such claim against the Bankruptcy estate shall be forever barred upon discharge of the Debtors in this Bankruptcy case.

  2.  If the matter is contested by the Debtors, the Trustee will continue making any payments on the Movant's secured claim which were required by the plan until and unless an order modifying or terminating the automatic stay is entered by the Court.

  3.  If the Debtors cure the default, if the notice of default is withdrawn by the Movant, or if any other agreement is reached between the Movant and the Debtors which allow the Debtors to retain the property, the Movant shall so notify the Court in writing, with a copy to the Trustee within twenty days of such action, and the Trustee shall continue making any payments on the Movant's secured claim which are required by the plan.

  Time is of the essence; all future monthly payments must be timely received; a check returned by the bank for any reason is deemed a violation.

  Should Plaintiff, at its option, accept a non-timely payment, it shall not be deemed to have waived its rights pursuant to any other provisions contained within this Order.

  In the event of Discharge, Dismissal or Conversion, the re-payment terms contained herein, shall no longer be applicable, and the Plaintiff shall be granted relief from the automatic stay without further Notice of Default, hearing or Order from this Court.

  It is further **ORDERED** that the fourteen (14) day stay is hereby waived and the terms of this Order are immediately enforceable.

  It is additionally acknowledged that by endorsement of this Order, Counsel for Debtors hereby represents that Debtors have been advised of the terms of the agreement as set forth in this Order.

  The automatic stay is modified to permit the secured note holder to mail the Debtors payment coupons,

payment changes, notices of late payment, monthly statements, and any other statement or notice, other than a notice of acceleration, normally sent to mortgagors in the ordinary course of business.

        Pursuant to Local Rule 9072-1, Counsel for Plaintiff shall mail a copy of this Order to the Debtors, Counsel for Debtors, Counsel for Plaintiff, the Chapter 13, Trustee, and any other party entitled to Notice.

        DATED:   August 22, 2012

_____
JUDGE

I ask for this:
**/s/ ERIC DAVID WHITE**
Samuel I. White, P. C.
Eric David White, Esquire, VSBN 21346
Michael T. Freeman, Esquire, VSBN 65460
Counsel for Bank of America, N.A.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230

Seen and Agreed:


**/S/ MARSHALL M. SLAYTON**
Marshall M. Slayton, Esquire
Counsel for Debtors
420 Park Street
Charlottesville, VA 22902


**/S/ HERBERT L. BESKIN**
Herbert L. Beskin, Esquire
Chapter 13 Trustee
P. O. Box 2103
Charlottesville, VA 22902